## No. 462
## BRENARD MFG CO. v. BEECKEL
Ohio Appeals, 6th Dist., Erie County
No. 209. Decided April 14, 1925.

13. ACCEPTANCE—1. Not consumated merely by keeping of goods after reasonable time.

2. Must be retention of goods without intimation to seller that they had been rejected.

WILLIAMS, J.

The Bernard Manufacturing Co. brought an action in the Erie Common Pleas on six promissory notes against A. E. Beeckel, given in payment of certain phonographs purchased under a written contract executed between parties. Beeckel claimed that fradulent representations were made to him by the Company's agent at the time the notes and contract were executed.

The allegations in Beeckel's amended answer were that agent falsely represented to him that he was in the business of establishing agencies for the company for sale of certain musical instruments. The agent further falsely represented that radio attachments could be inserted into the phonograph so that it could be converted into a radio set. The Company declared that if Beeckel had read a folder given him by the agent he would have had full knowledge of all the material facts. The Common Pleas Court rendered a judgment in favor of Beeckel.

Error proceedings were perfected and the company contended that the lower court erred in refusing to give certain requested charges. It was claimed that Beeckel had read the face of the contract, knew its terms, and could not be deceived by what the agent said. The following was a charge refused; "If the party to whom the false statement is made reads the instrument, no fraud exists as he had full knowledge of all material facts." Another refused was, "If you find that Beeckel kept goods after lapse of a reasonable time, your verdict must be for the company." The Court of Appeals held:

1. Beeckel read the face but not the back of contract; across the face was printed "radio-phonograph." He did not have such full knowledge of all material facts, as a matter of law, that he was not warranted in relying upon such alleged false representations made by the agent.

2. The Company's second request was insufficient in law by failing to include the words "without intimating to the seller that he had rejected them," or something equivalent thereto. It does not constitute an acceptance to keep goods merely after a reasonable time. Judgment of lower court affirmed.

Attorneys—H. L. Peeke and J. F. Hertlein, for Company; King, Ramsey, Flynn & Plye, for Beeckle; all of Sandusky.